VICTORIA GUZMÁN MARCANO ET AL., Petitioners, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, Respondent.

No. O-69-156.    Decided March 3, 1970.

*Luis F. Castillo, Max Oliveras Mariani,* and *José E. Fernández Seín* for petitioners. *Rieckehoff, Calderón,* and *Vargas &*

*Arroyo* for Hugo Velasco Schettini and Union Insurance Society of Canton, Ltd.

PER CURIAM: Petitioner requests us to reverse the order issued by the trial court on *June 20, 1969*, denying his motion to set aside a judgment of dismissal for inactivity under Rule 11 of the Rules of Administration for the Court of First Instance. He argues that when the judgment of dismissal was rendered on *June 17, 1968* the case was ready first for the holding of a preliminary hearing and afterwards for hearing on the merits. *Ortiz Rivera* v. *Agostini*, 92 P.R.R. 181 (1965).

We are concerned here with a complaint for damages filed by petitioner against Félix Meléndez Ríos, R. Velasco Schettini and his insurer, Union Insurance Society, on account of an automobile accident in which Julián Nieves Guzmán and his son [*sic*] Ramón Nieves Flecha lost their lives. In averments numbers 2 and 3 of said complaint it is alleged that:

"2. At 7:30 in the evening of June 18, 1965, in kilometer 61 of highway number two which leads from Manatí to Arecibo, Julián Nieves Guzmán was driving a Volkswagen Panel Delivery, 1962 model, license plate C-340-636, in the company of his father Ramón Nieves Flecha; said vehicle was struck by a G.M.C. Panel Delivery, 1963 model, license plate C-348-209, driven by the defendant Félix Meléndez Ríos who was driving at excessive speed swerving from his own right lane and invading the lane along which the vehicle driven by Julián Nieves Guzmán was traveling. In said accident Julián Nieves Guzmán and Ramón Nieves Flecha died immediately. *At the moment of the accident Julián Nieves Guzmán was driving said vehicle in the course of his employment as driver and employee of Hugo R. Velasco Schettini as Funeraria Scardille.* (Italics ours.)

"3. *The accident was due solely and exclusively to the negligence and carelessness of defendant Félix Mélendez Ríos who was driving at excessive speed without due care and circumspection, swerving from his lane and invading the lane of those traveling in the opposite direction.*" (Italics ours.)

Codefendant Velasco requested that summary judgment be rendered dismissing the complaint as to them on the ground

that from the complaint itself and from the answer to an interrogatory it appeared that at the moment of the accident Julián Nieves was driving the vehicle involved in the accident in the course of his employment as driver and employee of Velasco. A decision of the State Insurance Fund's Manager declaring the accident as a labor accident was made part of said motion. Appellees filed no objection to said motion. On *October 4, 1967* partial summary judgment was rendered dismissing the complaint against Velasco. Notice of said judgment was served on *October 16, 1967*.

On May 29, 1968 the court entered an order requesting plaintiffs-appellants to show cause in writing within ten days, why the complaint and the case should not be dismissed. Appellants having failed to appear, in accordance with said order, judgment of dismissal for inactivity was rendered under Rule 11 on *June 17, 1968*, notice of the same being served on *June 18, 1968*. At this point, it is not until *September 16, 1968*, that plaintiffs-appellants appear, not to request reopening of the case, but to request permission to amend the complaint for the sole purposes of eliminating the claim for the death of Julián Nieves and to allege negligence for the first time against Velasco for the death of Ramón Nieves Flecha.

On *January 31, 1969*, the trial court denied the permission to amend the complaint on the ground that it had been dismissed seven months before and without prejudice that plaintiffs-appellants might reproduce the same if in the future they could set aside said judgment.

Then, on *March 5, 1969*, plaintiffs-appellants filed a motion to set aside the judgment of dismissal alleging that although in effect more than six months had elapsed from the date on which the same was rendered, they understood that the prescriptive period was interrupted by the filing of the motion requesting permission to amend the complaint and that said judgment would deprive plaintiffs-appellants of their

right of action for the death of Ramón Nieves Flecha. A hearing was held to hear the arguments of the parties on this motion for reopening. Finally, on *June 20*, the trial court entered an order denying the reopening of the case because more than six months had elapsed from the time the judgment of dismissal was rendered until the motion for reopening was filed and because the case did not present fraud and nullity exceptions to said term. This is the order petitioners request us to reverse and which we cannot grant for the reasons we now turn to set forth:

1. Rule 49.2 fixes a deadline of six months for the filing of a motion to set aside a judgment. See Rule 68.2. Rule 49.2 expressly provides that: "The motion shall be made within a reasonable period and in *any case not more than six months after* the judgment . . . was entered. . . ." (Italics ours.)

As we have seen the motion for reopening was filed nearly nine months after notice of the judgment of dismissal was served.

2. The judgment of dismissal is valid. We do not agree with petitioner's argument that the case was ready for trial and that therefore it should have been set. As we know, the case against codefendant Velasco was dismissed through a partial summary judgment rendered more than fifteen months before. Besides, the complaint against Velasco did not state facts against him because, according to the third averment which we copied at the beginning, petitioners alleged that the accident was due to the *sole and exclusive negligence of defendant Félix Meléndez Ríos*, and it alleged no negligence whatsoever on Velasco's part. So that from the very face of the complaint the fatal defect of lack of facts arose. It being thus, the court could not set a preliminary hearing, and even less, a hearing on the merits.

Petitioners' inactivity during the whole proceeding of this case is clearly inexcusable.

The order appealed from in this case will be affirmed.

Mr. Chief Justice Negrón Fernández did not participate herein.